## TAYLOR .v. THE MEXICAN GULF RAILWAY COMPANY.

Defendants will be.liable for any injury sustained by third persons in consequence of negligence in drifting a raft, where it is shown that they had purchased and paid for the raft, and that it had been delivered to their agent. Nor will proof that their agent took upon himself the risk of its safe transportation exonerate them, as owners, from liability to third persons.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. This was an action for damage sustained by the owner of a flat-boat, loaded with coal, which was sunk by a raft of timber belonging to the defendants. The defendants contended: 1st, that they were not the owners of the raft at the time of the accident; 2d, that the damage was not occasioned by any negligence on the part of those in charge of the raft; 3d, that the amount of the loss is overrated. There was a judgment below against the defendants, for the amount of the damage proved, from which they appealed. The second and third grounds of defence involved only questions of fact. In regard to the first ground, the judge of the District Court says, in his opinion:

" *Byrne,* who purchased the raft, was clearly the agent of the defendants. He was by them authorized to buy. The money was furnished by them. He received a commission for the purchase and transportation. The price was paid, and the raft delivered to him before the accident. Even without these two latter incidents, the contract of sale was complete between the parties by the mere consent, and the raft was at defendants' risk. C. C. 1903, 2442.

" Much testimony has been introduced to show the manner of dealing of this company and others, in relation to the delivery and payment for rafts. In my opinion this does not affect the case. The mode of dealing of a company or individual, or even of several, cannot establish a custom, much less a custom contrary to express law. Whether *Byrne,* as a *checker,* took on himself the risk of a safe transportation to the *depot* of defendants, or whether other *checkers* pursued the same course, is a question between them and their employers. It can only make them insurers of the safe transportation. They still remain the agents of the owner, who, in right of that ownership, is liable to third persons for their agency, and cannot shift the responsibility by the substitution of a man of straw."

*T. A. Clarke,* for the plaintiff.    *L. Janin,* for the appellants.    The judgment of the court was pronounced by

EUSTIS, C. J.    We have examined the different questions of law and fact which this case presents, and concur in the view of them taken by the judge of the District Court, as expressed in his opinion delivered on the decision of the cause.                                        *Judgment affirmed.*